# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| EUGENE KENNETH JONES, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:10CV369 FRB |
| | ) |
| JENNIFER JOYCE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Eugene Jones (registration no. 180162), an inmate at Jefferson City Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.75. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $8.75, and an average monthly balance of $0.02. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.75, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 112 S.

Ct. 1728, 1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 for an alleged violation of the Double Jeopardy Clause of the United States Constitution. Named as defendants are Jennifer Joyce (Prosecuting Attorney), Melissa Gillian (same), Robert H. Dierker, Jr. (Circuit Judge), Jeremiah J. Nixon (Missouri Governor), the Missouri Legislature, and former Chief Justice of the Supreme Court of the United States, Warren E. Burger. The complaint seeks declaratory relief.

On July 3, 2001, a grand jury handed down a three-count indictment charging plaintiff with first-degree robbery, armed criminal action, and unlawful use of a weapon. The charges arose from the same criminal action: a robbery in which a gun was used. Plaintiff was convicted of first-degree robbery and armed criminal action. State v. Jones, 22011-01939A-02 (City of St. Louis). Petitioner was found guilty and

was sentenced in 2003, and the Missouri Court of Appeals affirmed on June 7, 2004. See State v. Jones, 136 S.W.3d 523 (Mo. Ct. App. 2004).

Plaintiff argues that the convictions of first-degree robbery and armed criminal action violate the Due Process Clause of the United States Constitution. Defendants Joyce, Gillian, and Dierker were all involved in the prosecution of plaintiff's criminal proceedings. Plaintiff names the Missouri Legislature as defendant because it enacted the statutes under which he was convicted. Plaintiff names former Chief Justice Burger in the complaint because he authored the opinion, Missouri v. Hunter, 459 U.S. 359 (1983), in which the Court held that a Missouri defendant's being sentenced for both first-degree robbery and armed criminal action did not violate double jeopardy. Id. at 368.[1] It is unclear why plaintiff named Governor Nixon as defendant.

## Discussion

Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. Sulik v. Taney County, Mo., 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). The alleged wrongdoings in the complaint occurred more than five years before the submission of the instant complaint. As a result, the complaint is dismissible under 28 U.S.C. § 1915(e). Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992) ("a district court may properly

---

[1]The basis for plaintiff's argument is the dissent in Hunter.

dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run.").

Even if the statute of limitations has not run, the complaint is legally frivolous. As plaintiff recognizes, the United States Supreme Court has held that Missouri's statutory scheme[2] of permitting convictions for both armed criminal action and for the crime involving the use of a weapon does not violate the Double Jeopardy Clause. Hunter, 459 U.S. at 368. This holding has not been overruled. As a result, the complaint will be dismissed under 28 U.S.C. § 1915(e).

Additionally, to the extent that plaintiff is trying to raise an argument that Missouri statutes §§ 556.041, 556.046, and 571.017 conflict with one another, the complaint fails to state a claim under § 1983 because this is purely a matter of state law.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.75 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include

---

[2]Mo. Rev. Stat. § 571.017.

upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** as moot.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 5th day of April, 2010.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE